United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

LAWRENCE MARTINEZ,

Petitioner,

v.

C. NOLL, Warden,

Respondent.

No. C 10-4396 MMC (PR)

**ORDER OF DISMISSAL; DENYING CERTIFICATE OF APPEALABILITY**

On September 29, 2010, petitioner, a California prisoner incarcerated at the Correctional Training Facility at Soledad, California, and proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the denial of parole by the California Board of Parole Hearings ("Board"). Petitioner has paid the filing fee.

**BACKGROUND**

In 1988, in the Superior Court of Imperial County ("Superior Court"), petitioner was found guilty of assault with a deadly weapon and kidnapping for robbery. He was sentenced to a term of seven years to life in state prison. On June 12, 2009, the Board, for the ninth time, found petitioner unsuitable for parole. Petitioner's subsequent state habeas corpus petitions challenging the Board's decision were denied, respectively, by the Superior Court

United States District Court
For the Northern District of California

on January 15, 2010, the California Court of Appeal on June 15, 2010, and the California Supreme Court on August 11, 2010.

**DISCUSSION**

A. Standard of Review

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975). A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) (quoting Blackledge v. Allison, 431 U.S. 63, 75-76 (1977)).

B. Petitioner's Claim

Petitioner claims the Board's decision finding petitioner unsuitable for parole violated his federal constitutional right to due process because the decision was based solely on the immutable facts of the commitment offense, and was not based on some evidence that petitioner's release would pose an unreasonable risk to public safety.

Under California law, prisoners serving indeterminate life sentences, like petitioner herein, become eligible for parole after serving minimum terms of confinement required by statute. In re Dannenberg, 34 Cal. 4th 1061, 1078 (2005). Regardless of the length of time served, "a life prisoner shall be found unsuitable for and denied parole if in the judgment of the panel the prisoner will pose an unreasonable risk of danger to society if released from prison." Cal. Code Regs. tit. 15 ("CCR"), § 2402(a). In making the determination as to whether a prisoner is suitable for parole, the Board must consider various factors specified by state statute and parole regulations. In re Rosenkrantz, 29 Cal. 4th 616, 654 (2002); see CCR

United States District Court
For the Northern District of California

§ 2402(b)–(d). When a state court reviews a Board's decision denying parole, the relevant inquiry is whether "some evidence" supports the decision of the Board that the inmate poses a current threat to public safety. In re Lawrence, 44 Cal. 4th 1181, 1212 (2008).

Federal habeas corpus relief is unavailable for an error of state law. Swarthout v. Cooke, No. 10-333, – S. Ct. –, 2011 WL 197627 at *2 (U.S. Jan. 24, 2011). Under certain circumstances, however, state law may create a liberty or property interest that is entitled to the protections of federal due process. In particular, while there is "no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence," Greenholtz v. Inmates of Nebraska Penal & Corr. Complex, 442 U.S. 1, 7 (1979), a state's statutory parole scheme, if it uses mandatory language, may create a presumption that parole release will be granted when, or unless, certain designated findings are made, and thereby give rise to a constitutionally protected liberty interest. See id. at 11-12. The Ninth Circuit has determined that California law creates such a liberty interest in release on parole. Cooke, 2011 WL 197627 at *2.

When a state creates a liberty interest, the Due Process Clause requires fair procedures for its vindication, and federal courts will review the application of those constitutionally required procedures. Id. In the context of parole, the procedures necessary to vindicate such interest are minimal: a prisoner receives adequate process when "he [is] allowed an opportunity to be heard and [is] provided a statement of the reasons why parole was denied." Id. "The Constitution does not require more." Id.

Here, petitioner does not claim he was not allowed an opportunity to be heard or that he was not provided with a statement of the reasons why parole was denied. Further, the Court is able to determine from the transcript of the hearing at issue, which transcript petitioner has attached to the instant petition, that petitioner received at least the process found by the Supreme Court to be adequate in Cooke. See Cooke, 2011 WL 197627 at *2 (finding process adequate where petitioners "were allowed to speak at their parole hearings and to contest the evidence against them, were afforded access to their records in advance, and were notified as to the reasons why parole was denied"). Specifically, the record shows

United States District Court
For the Northern District of California

that petitioner was represented by counsel at the hearing (Ex. 3 at 2), that the Board afforded petitioner and his counsel time to review documents relevant to petitioner's case (Ex. 3 at 14), that petitioner discussed with the Board the details of the commitment offense, as well as his social and criminal history and other factors considered by the Board (Ex. 3 at 30-104); that both petitioner and his counsel spoke at the hearing and advocated petitioner's release (Ex. 3 at 105-114); and that petitioner received a thorough explanation as to why the Board denied parole (Ex. 3 at 115-125).

Further, because California's "some evidence" rule is not a substantive federal requirement, whether the Board's decision to deny parole was supported by some evidence of petitioner's current dangerousness is not relevant for purposes of federal habeas corpus review. Cooke, 2011 WL at *3. The Supreme Court has made clear that the only federal right at issue herein is procedural; consequently, "it is no federal concern . . . whether California's 'some evidence' rule of judicial review (a procedure beyond what the Constitution demands) was correctly applied." Id.

Based on the above, the Court finds petitioner is not entitled to federal habeas relief on the grounds raised in the instant petition. Accordingly, the petition will be dismissed.

C. Certificate of Appealability

A certificate of appealability will be denied as to petitioner's claim. See 28 U.S.C. § 2253(c)(1)(a); Rules Governing Habeas Corpus Cases Under § 2254, Rule 11 (requiring district court to issue or deny certificate of appealability when entering final order adverse to petitioner). Specifically, petitioner has neither made "a substantial showing of the denial of a constitutional right," Hayward v. Marshall, 603 F.3d 546, 554-55 (9th Cir. 2010) (en banc) (citing 28 U.S.C. § 2253(c)(2)), nor demonstrated that his claim is "debatable among reasonable jurists." Id. at 555.

//

//

//

//

United States District Court
For the Northern District of California

**CONCLUSION**

For the reasons stated above, the petition for a writ of habeas corpus is hereby DISMISSED, and a certificate of appealability is hereby DENIED.

The Clerk shall enter judgment in favor of respondent and close the file.

IT IS SO ORDERED.

DATED: February 2, 2011

MAXINE M. CHESNEY
United States District Judge